## UNITED STATES v. NEUSTAEDTER.

(Circuit Court, S. D. New York. December 31, 1906.)

INTERNAL REVENUE—PLAYING CARDS—STAMP TAX.

The statute imposing an internal revenue tax on playing cards requires that each pack of cards shall show a stamp denoting the payment of the tax, so that a dealer may not reassemble cards from packs that have paid the tax and offer the reassembled packs for sale in new wrappings without restamping.

Henry L. Stimson, U. S. Atty., and Goldthwaite H. Dorr, Asst. U. S. Atty.

Samuel S. Koenig, for defendant.

THOMAS, District Judge. It is probable that Congress intended to have every pack of cards stamped and kept stamped so long as it was in the market for sale. Hence upon every vendor is imposed the responsibility of a manufacturer, and it is his duty to see that the article he offers for sale has the stamp evidencing the payment of the tax. Such intention should have been expressed distinctly, in language that a person of ordinary intelligence could understand, rather than in a form that causes doubt and tends to baffle an appreciation of the meaning. The statute can, by a process of reasoning, be made to mean what the government claims; and it is reluctantly concluded that such is its effect. Hence a pack of cards must show a stamp denoting the payment of the tax, and it is unimportant that such cards are reassembled from packs that have paid the tax, and that are thereupon, in that new form, offered for sale. In the present case the old packs were severally stripped of their former wrappings, the stamps advising the government that the taxes had been paid were removed, certain cards were cast aside, and the new pack, in a new paper band, and without stamp, was offered for sale. This gave the consolidated pack the appearance of a new article of manufacture. The statute is so ambiguous as to be positively unfair, and it is so obviously misleading as to offend the sense of justice.

In the present case the sentence should, upon defendant's request, be suspended; and it is hoped that the attention of Congress may be called to the necessity of amending the statute, so that its meaning may be plain.